# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ALBERT WILLIAM RANDALL**, ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.**: CV-10-657 |
| ) | |
| v. ) | |
| ) | |
| **RONNIE MARION RANDALL** ) | |
| In his personal and official capacities, ) | **Jury Trial Demanded** |
| ) | |
| and ) | |
| ) | |
| **SHERIFF BOBBY MOORE** ) | |
| In his personal and official capacities, ) | |
| ) | |
| ) | |
| **Defendants**. ) | |
| _____) | |

# COMPLAINT

**PRELIMINARY STATEMENT**:

This action arises under the Fourth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988; and under the Alabama's tort liability, recognized under its common law , negligence, gross negligence, trespass, invasion of privacy and outrage. Defendant Ronnie Randall aggressively sought and obtained the acquisition and personal use of private and personal electronically stored computer data, concerning Plaintiff, without warrant, or the knowledge and consent of the Plaintiff.  The Defendants were at all times state actors,

1

acting under color of state law, when they used their authority, conferred by elective office, or appointed office, to unlawfully access the FBI national computer data systems known as NCIC and obtained private information, and in the case of Defendant Ronnie Randall, to use to his own benefit, private information belonging to the Plaintiff which was contained in such files. In support of this complaint, Plaintiff avers as follows:

## NATURE OF ACTION AND JURISDICTION

1.  This is a civil action under 42 U.S.C § 1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States and the State of Alabama; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

### A. Jurisdiction

2.   This case arises under the United States Constitution and 42 U.S.C. Sections 1983 and 1988, as amended. Title 28 U.S.C. § 1331 and 1343 provides the court with federal question jurisdiction over Plaintiff's' claim for relief pursuant to 42 U.S.C. § 1983. Plaintiff's declaratory and injunctive relief prayer is authorized by 28 U.S.C. §§   2201 and 2202, 42 U.S.C. § 1983, and Rule 57 of the Federal Rules of Civil Procedure. The Court has supplemental jurisdiction over Plaintiff's five state law claims by virtue of 28 U.S.C. § 1367(a).

3.   Plaintiff brings this action resulting from damages incurred due to the unlawful appropriating of private personal information resulting from the  unauthorized access to, and obtaining information from, the FBI's computer data storage system under its NCIC program.

2

### B. Venue

**4.**    This Court is the appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b) (1) and (b) (2). The actions complained of took place in this judicial district; evidence, computer and personnel records relevant to the allegations are maintained in this judicial district.  More importantly, each of the parties resides in this judicial district.

### C. PARTIES:

**5.**    Plaintiff, Albert William Randall, is the natural and biological brother of Defendant, Ronnie Marion Randall.   Albert Randall is a resident of Mobile County Alabama. Plaintiff is the victim of having his personal and confidential information electronically appropriated by his brother so that the brother could gain advantage in contemplated civil litigation to be brought by the brother.

**6.**    Defendant, Sheriff Bobby Moore, is the Sheriff of Clarke County Alabama and is the Chief Law Enforcement Officer of Clarke County Sheriff's Office. This Defendant was selected by the citizens of Clarke County to serve a four year term. Defendant Moore supervises a staff of 14 full time deputies; (including Defendant, Ronnie Randall) 17 jail employees, an investigative division, and two administrative support staff employees. At all times relevant , this Defendant was acting under the color of state law. This Defendant is sued in both his official capacity and individually.

**7.**    Defendant, Ronnie Randall, at all times relevant to this lawsuit was a Deputy Sheriff, employed by Defendant Moore, principally as a jailer, employed in the Clarke County Alabama Jail.  Defendant Ronnie Randall used his position as a Deputy Sheriff to access the FBI computer terminal and obtained non-criminal information on his brother the Plaintiff to obtain information to be used in a civil proceeding involving him and his

brother.  At all times relevant, this Defendant was acting under the color of state law. This Defendant is sued both in his official capacity and individually.

## D.  STATEMENT OF FACTS

8.      Plaintiff and his brother, Defendant, Ronnie Randall, have been estranged from each other for a number of years and remain estranged.

9.      Defendant, Ronnie Randall, had also been physically estranged from his step mother, Elizabeth Randall, notwithstanding his living in the same state and only two counties away from his mother. He had not visited her for four years prior to her death. Indeed, this defendant was so detached from his mother, that he was unaware that in 2005 she had open heart surgery.

10.      Plaintiff, on the other hand, frequently visited with his stepmom, and, in fact, during the later years of her life, he was principally responsible for her care.

11.      Plaintiff's stepmother, on October 30, 2006, executed a Warranty Deed transferring a remainder interest in her real property to the Plaintiff, reserving a life estate interest onto herself.

12.      On December 24, 2006, Plaintiff's stepmother died. Defendant Randall did not attend the funeral, claiming lack of transportation.

13.      Sometime during March 2007, the Plaintiff, who upon the passing of his stepmom, retained an undivided whole interest in the real property, transferred that interest, via a Warranty Deed, to Jerry Clay and Ronnie Chatham.

14.    Things remained uneventful until near the end of December, 2007. At that time, Defendant Randall obtained counsel who petitioned the Probate Court of Baldwin County, Alabama to issue an emergency order attaching Plaintiff's vehicle and bank accounts.

15.   During the Probate hearing, held in January 2008, Defendant Randall informed the Probate Judge that he was aware that the Plaintiff had, just the past December, purchased two new vehicles and that he had a bank account containing a large reserve.

16.    Solely upon the basis of Defendant Randall's testimony, the Probate Judge on January 30, 2008, issued an Order requiring the Plaintiff to turn over to the Court Administrator, James E. Smith, the full of the money that Plaintiff had in the bank, $90,000. The court further ordered that the Plaintiff turn over his 1990 Grand Marquis to the Administrator.

17.    As a direct result of the Probate Court's Order, the Plaintiff lost the use, interest and enjoyment of the $90,000.00. Plaintiff also lost the use and enjoyment of his motor vehicle.

18.    Though Plaintiff suspected that his brother had used his access to Defendant Sheriff Moore's computer terminal connected to the FBI, and Alabama's criminal data base, to learn about his bank accounts, social security number and the identity (with VIN numbers) of the vehicles that he owned, he had no proof.

19.    It was only after September 30, 2009, that the Plaintiff learned that his brother had unlawfully obtained information about his assets through state and federal computers containing criminal and other information on private citizens.

20.     During Defendant Randall's deposition, given at the request of the Plaintiff in the case of *Clay vs. Randall*, Case No 09-0183, In The United States District Court For the Southern District Of Alabama, in response to a question from an attorney, Defendant Randall stated that he "was trying to find out what he (Plaintiff) was spending the money on that he sold the house for." He concluded by saying, "And I found out".

21.   Upon information and belief, it was only through obtaining this information that Defendant Randall was able to employ an attorney, on a contingency basis, to accept his case to have the deed from his and  Plaintiff's step mother set aside, voided, or have Plaintiff return the proceeds from the sale back to the step mother's estate.

## CRIMINAL JUSTICE COMPUTER DATA SYSTEMS

22.   The National  Crime Information Center (NCIC) found at 28 U.S.C. § 534 permits the US Attorney General, among other things,  to (1) acquire, collect, classify, and preserve identification, criminal identification, crime, and other records.

23.   NCIC helps criminal justice professionals apprehend fugitives, locate missing persons, recover stolen property, and identify terrorists. It also assists law enforcement officers in performing their official duties more safely and provides them with information necessary to aid in protecting the general public.

24.  The principle purpose of creating and maintaining data on the NCIC  is to provide a computerized database for ready access by a criminal justice agency making an inquiry, and for prompt disclosure of information in the system from other criminal justice agencies about crimes and criminals.

25.    All NCIC records are required to be   protected from unauthorized access through appropriate administrative, physical, and technical safeguards. These safeguards include

restricting access to those with a need to know to perform their official duties, and using locks, alarm devices, passwords, and/or encrypting data communications.

26.    Information stored in NCIC and related files includes: information on checking accounts, saving accounts, credit cards, social security identification numbers, car title information, stolen vehicle  parts including certificates of origin or title, stolen license plates; boats; guns; stolen items of person property, securities information and records, arrest warrants,  etc.

27.    Both the statute and the enforcing agent FBI require users of NCIC stored data to maintain an Interstate Identification Index (III) File. These measures are designed to prevent unauthorized access to the system data and/or unauthorized use of data obtained from the computerized file.

28.    The criminal justice agency (Clarke County Sheriff Department) computer site accessing NCIC "must have adequate physical security to protect against any unauthorized personnel gaining access to the computer equipment or to any of the stored data." Further, personnel at these computer centers who have access to data stored in the system must be screened thoroughly under the authority and supervision of an NCIC control terminal agency.

29.    Defendant Sheriff Moore failed, either intentionally or otherwise, to maintain "adequate physical security to protect against any unauthorized personnel gaining access to the computer equipment or to any of the stored data."

30.    Computers having access to the NCIC must maintain a record of all transactions against the criminal history file in the same manner the NCIC computer logs all transactions. This transaction record must be monitored and reviewed on a regular basis to detect any possible misuse of criminal history data.

7

31.     Defendant Sheriff Moore failed, either intentionally or otherwise to monitor and reviewed on a regular basis to detect any possible misuse of criminal history data.

32.     Lines/channels being used to transmit criminal history information must be dedicated solely to criminal justice. Finally, copies of criminal history data obtained from terminal devices must be afforded security to prevent any unauthorized access to or use of the data.

33.     Defendant Sheriff Moore failed, either intentionally or otherwise, to insure that copies of criminal history data obtained from terminal devices was afforded security to prevent any unauthorized access to or use of the data.

34.     Nothing in Defendant Ronnie Randall's  background, training, or specific job duties (as  jailer), placed him in  the  "need to know" in order  to perform these  duties, which would justify  providing him access to confidential, private data stored in NCIC's and similar  computer data files.

35.     There is a series of federal statutes, federal regulations and state statutes which demonstrates Defendant Sheriff's culpability, or, at a minimum, his negligence in the claims advanced by the Plaintiff.

36.     The implementing federal regulations found at § 20.30 apply to the III System and the FIRS, and to duly authorized local, state, tribal, federal, foreign, and international criminal justice agencies to the extent that they utilize the services of the III System or the FIRS. This subpart is applicable to both manual and automated criminal history records

37.    Federal regulations at 28 C.F.R. § 20.36(a)  require in  order to acquire and retain direct access to the III System, each Control Terminal Agency and Federal Service Coordinator shall execute a CJIS User Agreement with the FBI, to abide by all present rules, policies, and procedures of the NCIC, as well as any rules, policies, and procedures hereinafter.

38.     Defendant Sheriff Moore failed, either intentionally or otherwise, to abide by all present rules, policies, and procedures of the NCIC, as well as any rules, policies, and procedures.

39.    Federal regulations at 28 CFR § 20.21(b)  require states and other users of NCIC information to insure that limitations are  placed upon  the  dissemination of protected private information to insure  that dissemination of non-conviction data has been limited to only  statutorily designated entities.

40.    Defendant Sheriff Moore failed, either intentionally or otherwise, to insure that limitations are placed upon the dissemination of protected private information to insure that dissemination of non-conviction data has been limited to only statutorily designated entities.

41.     The regulations at 28 CFR § 20.21 require that (1) where computerized data processing is employed, effective and technologically advanced software and hardware designs are instituted to prevent unauthorized access to such information. Further that (d) operational program are used to detect and store for the output of designated criminal justice agency employees all unauthorized attempts to penetrate any criminal history record information system, program or file.

42.     Defendant Sheriff Moore failed, either intentionally or otherwise, to employ effective and technologically advanced software and hardware designed to prevent

9

unauthorized access to such information. Further, he failed to employ operational programs which were used to detect and store for the output of designated criminal justice agency employees, all unauthorized attempts to penetrate any criminal history record information system, program or file.

43.    Federal regulations at 28 CFR § 20.22 required Defendant Sheriff to  provide a certification that to the maximum extent feasible action has been taken to comply with the procedures set forth in the plan.

44.    Defendant Sheriff has violated his Certification of Compliance as required by 28 CFR § 20.22 by failing to the maximum extent feasible to take necessary action to comply with the procedures set forth in its plan.

45.    Subsection (4) of 28 CFR § 20.21(4) permits the criminal justice agency (Defendant Sheriff) to screen and have the right to reject for employment, based on good cause, all personnel to be authorized to have direct access to criminal history record information, and additionally  has the right to initiate or cause to be initiated administrative action leading to the transfer or removal of personnel authorized to have direct access to such information where such personnel violate the provisions of these regulations or other security requirements established for the collection, storage, or dissemination of criminal history record information.

46.    Defendant Sheriff Moore, in spite of being advised by federal compliance officers that Defendant Ronnie Randall was abusing and otherwise unlawfully obtaining, via NCIC data bank,  private information on a private citizen not under suspicion of committing an criminal act, Defendant Moore has taken no disciplinary action against this employee.

47.     The federal privacy Act of 1974, as amended and found at 5 U.S.C  § 552a mandates that (b) no agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be- (1) to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties.

48.     Implicitly, if not explicitly, NCIC, and its implementing regulations, have created a zone of personal privacy which cannot be transgressed absent statutorily permitted cause.

49.     When the information is inherently private, it is entitled to protection. Congress, which passed the NCIC Act, also passed the Federal Privacy Act. Thought its operative provision only applies to federal agencies, it is clear from 5 U.S.C. 552a (b) and (c) that Congress considered information contain in the NICI data base to be of the utmost private:

**CONGRESSIONAL FINDINGS AND STATEMENT OF PURPOSE**

Section 2 of Pub. L. 93-579 provided that: **"(a)** The Congress finds that **(1)** the privacy of an individual is  directly affected by the collection, maintenance, use, and dissemination of  personal information by Federal agencies; **"(2)** the increasing  use of computers and Sophisticated information technology, while essential to the efficient operations of the Government, has  greatly magnified the  harm to individual privacy that can occur from any collection, maintenance, use, or dissemination of personal information; **"(4)** the right to privacy is a personal and  fundamental right protected by the Constitution of the United States; and   **"(5)** in order to protect the privacy of  individual identified in information  systems maintained by Federal  agencies, it is necessary and proper for the Congress to regulate the  collection, maintenance, use, and dissemination of information by such agencies.
**"(b)** The purpose of this Act  (enacting this section and provisions set out as notes under this section) is to provide  certain safeguards

for an individual against an invasion of personal   privacy by
requiring Federal agencies, except as otherwise  provided by law,  to
**"(4)** collect, maintain, use, or disseminate any record of identifiable
personal information in a   manner that assures that  such action is
for a necessary and  lawful purpose, that the information is current
and accurate   for its intended use, and that adequate safeguards are
provided to prevent  misuse of such invasion of privacy

50.    What is clear from the above stated purpose and NCIC's statutory and regulatory

provisions, is that Congress recognized that there must to be a balance between law

enforcement legitimate need for a national, indeed international, criminal record data

base and the need for citizens to be secure in their private affairs without undue and

unwarranted intrusion by governmental officials, be they high or petty.

51.    Alabama Criminal Justice Information Center (ACJIC), pursuant to Ala Code §

41-9-621 provides law enforcement agencies approved by the Federal Bureau of

Investigation (FBI) with 24/7 direct access to the FBI's National Crime Information

Center (NCIC), which includes criminal information such as stolen, missing or recovered

guns; stolen articles; wanted or missing persons; stolen or wanted vehicles; stolen license

plates; stolen securities; convicted sexual offenders; violent gang and terrorist

organizations; and computerized criminal history records.

52.    Defendant Randall employed this states' Law Enforcement Tactical System ("

LETS"), as the portal through which he accessed state and federal information about the

Plaintiff. LETS is a computerized system that contains data from the records of several

different agencies, including the Department of Public Safety.  Officers frequently use

LETS to obtain information, including photographs, as an investigative tool and for other

law-enforcement purposes.

53.    Alabama Code § 41-9-636 places  limits  upon the provision of information by the

above section by all constitutional provisions, limitations and guarantees, including, but

not limited to, due process, the right of privacy and the tripartite form of Alabama's state government"

54.      Section 41-9-642 of the Act prohibits "unconstitutional... invasions of privacy of citizens" and forbid the dissemination of information to "to persons, agencies, etc., not having "need to know" or "right to know". The statute further provides "Nothing in this article shall be construed to give authority to any person, agency or corporation or other legal entity to invade the privacy of any citizen as defined by the constitution, the Legislature or the courts other than to the extent provided in this article."
.

55.    Alabama law, at Ala Code § 13A-10-82, makes it a criminal offense for a public official to misuse confidential information if in contemplation of official action by himself or by a governmental unit with which he is associated, or in reliance on information to which he has access in his official capacity and which has not been made public, he (1) Acquires a pecuniary interest in any property, transaction or enterprise which may be affected by such information or official action.

56.    Alabama law at Ala Code § 13A-11-35 makes it unlawful to divulge illegally obtained information and provides "(a) A person commits the crime of divulging illegally-obtained information if he knowingly or recklessly uses or divulges information obtained through criminal eavesdropping or criminal surveillance.

57.    In Alabama, when there is a criminal sanction for an act, there is a corresponding right to civil relief.

58.    Plaintiff had a reasonable expectation that certain stored information about him would, absent his consent,   remain private absent the state having a compelling reason to divulge this information.  No such compelling reason existed here.

13

59.   As a direct and proximate result of the Defendants' wrongful intrusion into his private affairs, Plaintiff has suffered monetary loss, property loss, extreme mental and emotional suffering, shame and humiliation.

### E.   CLAIMS FOR RELIEF

### COUNT I

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**
**General Allegations**
**(Against both Defendants)**

Plaintiff realleges and incorporates herein by reference, the allegations set forth in paragraphs 1-21; 28-34, and 37-40 of this Complaint.

60.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, including  but not limited to:  a) the right to be free from unreasonable searches; and b) the right not to have her privacy invaded without proper cause.

61.     In violating Plaintiff's rights as set forth above, and other state rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, warrantless invasion upon Plaintiff's privacy in violation of the Fourth, and Fourteenth Amendments to the Constitution of the United States.

62.     As a direct and proximate result of the violation of his  constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983, and 1988.

14

63.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

64.   All acts of the Defendants, their agents, servants, employees, or persons acting at their behest or direction, as alleged herein, were done under the color and pretense of state law.

## COUNT II
### Fourteenth Amendment Right to Privacy
#### (Against both Defendants)

Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-21; 28-34, and 37-40 of this Complaint.

65.     Plaintiff has a constitutionally protected right to privacy under the Fourteenth Amendment to the U.S. Constitution.

66.     Defendants' searches of the confidential databases regarding Plaintiff were not related to any official agency business.

67.     Plaintiff's right to privacy regarding information maintained by the government was violated by Defendants' improper search of the confidential databases.

68.     Defendants acted knowingly, willfully and/or maliciously, and with the specific intent to deprive Plaintiff of his Constitutional rights and/or with deliberate indifference to Plaintiff's Constitutional rights.

69.     As direct and proximate result of the violation of his constitutional rights, Plaintiff suffered substantial damages, including emotional distress, harassment, personal humiliation, and embarrassment.

15

## COUNT III

### Constitutional and Civil Rights 42 U.S.C. §§ 1983, 1988 Violation
### of Fourth Amendment Unreasonable Search
### (Against both Defendants)

Plaintiff realleges and incorporates herein by reference, the allegations set forth in paragraphs 1-21; 28-34, and 37-40 of this Complaint.

**70.** Defendant Randall surreptitiously searched and obtained access to information concerning Plaintiff's saving and checking accounts and a listing of the property, with date of purchase. Defendant had no legitimate need for this information consistent with his position as Deputy Sheriff. Defendant Sheriff Moore either aided Defendant Randall in this unlawful act or failed to maintain systems to prevent it. Further, not disciplining Defendant Randall after he clearly learned of this unauthorized access to Plaintiff's private information, effectively ratified Defendant Randall's acts.

**71.** There was no consent warrant or probable justifying Defendant Randall's search for Plaintiff's private information. Defendants acted intentionally and with callous disregard for Plaintiff's clearly established Constitutional rights.

**72.** As a direct and proximate result of the Defendants' violations of Plaintiff's Constitutional rights, Plaintiff has suffered severe and substantial damages. These damages include the loss of the use and possession of money formerly held by his banker, the loss of interest upon that money, the loss of the use and enjoyment of a motor vehicle, the loss of money required to pay the retainer to an attorney, and the cost borne by this litigation. Further losses include loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish, and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

16

## COUNT IV

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### Failure to Implement Appropriate Policies, Customs and Practices
### (Against only Defendant Moore)

Plaintiff realleges and incorporates herein by reference, the allegations set forth in paragraphs 1-21; 28-34, and 37-40 of this Complaint.

**73.**     Defendant Sheriff Moore implicitly adopted and ratified Defendant Randall's invasion of Plaintiff's privacy by his failure to take any disciplinary action upon learning of his unlawful acts.

**74.**     The failure of Defendant Sheriff Moore  to adequately train and supervise Defendant  Randall , amounts to deliberate indifference to the rights of the Plaintiff to be free from  unreasonable searches  under the Fourth  and Fourteenth Amendments,  and his right to privacy protected by the Fourteenth Amendment to the Constitution of the United States.

**75.**   Defendant Sheriff Moore, by failing to implement the safeguards to protect privacy mandated by NCIC and/or the above referenced state and federal statutes and regulations, has effectively promulgated, encouraged  and condoned a custom, practice and policy; thus, creating a policy of deliberate indifference that resulted in Defendant Randall's illegal search and invasion of Plaintiff's privacy.

**76.**     As a result of this deliberate indifference to the Plaintiff's rights, the Plaintiff suffered personal injuries ,emotional distress, humiliation, embarrassment and the loss of reputation,  and is entitled to relief under 42 U.S.C. §1983.

## COUNT V

### Defendant Randall's Violation of The Federal Stored Communication Act
### (Against only Defendant Randall)

Plaintiff realleges and incorporates herein by reference, the allegations set forth in paragraphs 1-21 of this Complaint.

77.     Defendant Randall violated Plaintiff's rights protected by the Stored Communications Act.  Section 2701 of the Act (18 U.S.C. **§ 2701)** makes unlawful the intentionally accessing, without authorization, a facility through which an electronic communication service is provided or where the actor exceeds an authorization to access that facility.

78.   Defendant Randall, by obtaining private, confidential records from NCIC and other federal and state communication storage facilities, violated the provisions of this Act.

79.    Section 2707 of the Act provides a private cause of action to any "person aggrieved by any violation of this (Act) in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind".  Sanctions include a statutorily minimum of $1,000.00, actual damages, reasonable attorney fees, and litigation costs.

## COUNT VI

### Defendant Randall's Violation of Federal Computer Fraud and Abuse Act
### (Against only Defendant Randall)

Plaintiff realleges and incorporates herein by reference, the allegations set forth in paragraphs 1-21 of this Complaint.

**80.**      Defendant Ronnie Randall violated the expressed provisions of the Computer Fraud and Abuse Act at 18 U.S.C 1030 (a) which provides: (a) whoever (2) intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains (C) information from any protected computer shall be punished…

**81**      Subsection (C) (g) of the Act privates a private cause of action to "any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief".

**COUNT VII**
**Alabama Common Law**
**Negligence**
**(Against both Defendants)**

Plaintiff realleges and incorporates herein by reference, the allegations set forth in paragraphs 1-21; 28-34, and 37-40 of this Complaint.

**82.**      Each Defendant owed Plaintiff a duty to use due care at or about the times of the aforementioned incidents.

**83**.      In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiff as alleged herein.

**COUNT VIII**

**Alabama Common Law**
**Negligent Supervision**
**(Against only Defendant Moore)**

Plaintiff realleges and incorporates herein by reference, the allegations set forth in paragraphs 1-21; 28-34, and 37-40 of this Complaint.

19

**84.**   Each Defendant owed Plaintiff a duty to use due care at or about the time of the aforementioned incidents.

**85.**   Defendant Sheriff Moore negligently supervised Defendant Randall by failing to provide proper training and outlining of proper procedure in obtaining information on the criminal and other computer records that the Defendant had access to, so that the acts of Defendant Randall, complained of herein, would not have happened.

## COUNT IX

### Intentional Inflection of
### Emotional Outrage
### (Against only Defendant Randall)

Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-21; 28-34, and 37-40 of this Complaint.

**86.**   Defendant Randall (1) intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from his conduct; (2) Randall's conduct was extreme and outrageous; (3) Defendant Randall's actions caused the Plaintiff distress; and (4)Plaintiff's distress was severe.'

**87.**   As a direct result of Defendant Randall's acts, the Plaintiff suffered injury.

## COUNT X

### Alabama Invasion of Privacy
### (Against both Defendants)

Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-21; 28-34, and 37-40 of this Complaint.

88.     Defendant Randall's intrusion into Plaintiff's private affairs, with Defendant Moore's active or passive consent, was wrongful to such an extent that if extended to the public at large, would cause outrage and did cause mental suffering, shame, or humiliation to the Plaintiff, a person of ordinary sensibilities. Defendant Randall's conduct both  intruded  into Plaintiff's physical solitude or seclusion and  gave  publicity to private information about the plaintiff which, under the circumstances of this case, violates ordinary decency and entitles the Plaintiff to relief.

## COUNT XI

### Alabama Unreasonable Intrusion
### (Against both Defendants)

Plaintiff realleges and incorporates herein by reference, the allegations set forth in paragraphs 1-21; 28-34, and 37-40 of this Complaint.

89.   Here, the tort of unreasonable intrusion is satisfied; where Defendant Randall intruded upon the private affairs of the Plaintiff, his actions were against the ethics of a public official and more importantly, against existing law, both federal and state.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Albert Randall, requests judgment against Defendants as follows:

**A.**  For appropriate declaratory relief regarding the unlawful and unconstitutional acts and practices of Defendants;

**B.**   For appropriate injunctive relief allowed by the Civil Rights Act of 1871, 42 U.S.C. Section 1983 to insure that there is no further invasion of Plaintiff's privacy by Defendants,  their agents, servants and/or employees by accessing computers to obtain

21

information concerning Plaintiff that is not related to criminal justice or other permissible purpose;

**C.**   For appropriate injunctive relief requiring Defendant Sheriff Moore to exercise rights he has under 28 CFR 20.21(4) to terminate the employ of Defendant Randall;

**D.** For appropriate compensatory damages in an amount to be determined at trial;

**E.**   For an award of punitive damages where permitted by law.

**F.**   For $11, 000.00 civil penalty as permitted by 28 C.F.R § 20.25**.**

**G.**   For $1,000.00 civil penalty as required by 18 U.S.C. § 2707(c)

**H.** For an award of Plaintiff's reasonable attorney fees and litigation costs as permitted by 18 U.S.C. § 2707(b) (3)

**I.**   For an award of Plaintiff's reasonable attorney's fees and his costs on his behalf expended  pursuant to the Civil Rights Act of 1871, 42 U.S.C. Section 1988; and,

**J.**   For such other and further relief to which Plaintiff may show himself justly entitled.

**PLAINTIFF REQUESTS TRIAL BY**
**JURY ON ALL ISSUES SO TRIABLE**

s/s **Ishmael Jaffree**_____
**ISHMAEL JAFFREE (JAF 002)**
**758 St Michael St. Ste 302**
**Mobile Alabama 36602**
**251-694-9090**
**ishjaff@gmail.com**

**DEFENDANTS MAY BE SERVED AS FOLLOWS:**

**Defendant, Ronnie Marion Randall**
cc: Clark County Sheriff's Department
149 Clark Street
Grove Hill, AL 36451-3297

**Defendant, Sheriff Bobby Moore**
149 Clark Street
Grove Hill, AL 36451-3297

23